```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | |
|---|---|
| DEWAYNE HARRIS, | § |
| | § |
| VS. | § CIVIL ACTION NO.4:06-CV-701-Y |
| | § |
| | § |
| FEDERAL MEDICAL CENTER, | § |
| FORT WORTH, et al. | § |

## OPINION AND ORDER OF DISMISSAL UNDER 28 U.S.C.§§ 1915A(b)(1)

DeWayne Harris, a prisoner incarcerated at the Federal Medical Center (FMC) Fort Devens, Massachusetts, by and through his mother, Gail Cornett, filed this civil action naming as defendants: Federal Medical Center (FMC) Fort Worth; the U.S. Department of Justice; the Federal Bureau of Prisons (BOP); and Cole Jeter, warden, FCI--Fort Worth.(Compl. ¶ 2.) The complaint alleges that while Harris was incarcerated at FMC--Fort Worth, in spite of his then diagnosed choroidal (eye membrane) malignant melanoma, and a recommendation from an ophthalmologist that he be evaluated every three months, officials delayed from January 14, 2005 until August 26, 2005, in providing him a recommended appointment with a specialist. Upon examination by a specialist, the melanoma had recurred, resulting in Plaintiff having to undergo an eye enucleati on procedure. (Compl. ¶¶ 4-7.) Plaintiff alleges that the defendants were negligent in not having the proper equipment to correctly examine him, in not sending him to an appropriate testing facility, in not providing the level of care his condition required, and in providing inexpert doctors who failed to exercise the ordinary

degree of care commonly exercised by reasonably prudent physicians under the same of similar circumstances. (Compl. ¶¶ 8-11.) He seeks compensatory and punitive damages for the injuries that allegedly resulted from the failure to properly treat him. (Compl. ¶¶ 13-15.)

As a part of the legislation labeled the Prison Litigation Reform Act (PLRA), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief against a governmental entity or governmental officer or employee, and requires the Court to "dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."[1] Consistent with the § 1915A screening authority is prior case law recognizing that a district court is not required to await a responsive pleading to conduct a § 1915 frivolousness screening inquiry.[2] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[3]

Although the complaint did not reveal whether plaintiff Harris was, at the time of filing, a prisoner subject to § 1915A, in

---

[1] *See* 28 U.S.C.A. § 1915(b)(1) and (2)(West Supp. 2006).

[2] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995)(as to the frivolousness review under the then in-forma-pauperis provision 28 U.S.C. § 1915(d)(now § 1915(e)(2)(B)(i-iii)).

[3] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

response to a show-cause order, the defendants have provided a response with the February 23, 2007, declaration of Alberto Munguia, indicating that DeWayne Harris, BOP register number 08175-032, was a prisoner at the time of the filing of this suit. Although the Court afforded plaintiff Harris time to respond to the question of whether the case could be subject to dismissal under § 1915A, Harris has not filed any reply. After review and consideration of Harris's claims as filed in this suit under 28 U.S.C. § 1915A(b)(1), the Court concludes that they must be dismissed.[4]

The primary focus of plaintiff Harris's suit appears to be a claim for damages under the Federal Tort Claims Act (FTCA). The FTCA waives the United States's sovereign immunity from tort suits.[5] Because the FTCA provides such a waiver, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States.[6] In order to sue successfully under the FTCA, "a plaintiff must name the United

---

[4] In addition to the deficiencies in the potential causes of action as analyzed *infra,* the Court notes that Dwayne Harris's mother, Gail Cornett, is not authorized to prosecute this suit on Harris' behalf, as noted in the March 1, 2007, Response to Show Cause Order. As Cornett is not a licensed lawyer, she may not represent Harris. *See Martin v. City of Alexandria*, 198 Fed. Appx. 344, 346 (5th Cir. July 17, 2006), quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998)("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause")(emphasis in original).

[5] *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998), *citing* 28 U.S.C. § 2674.

[6] *Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991) *citing Lehman v. Nakshian,* 453 U.S. 156, 160 (1981).

3

States as the sole defendant."[7]  In this case, however, Harris has named as defendants the Department of Justice, the BOP, FMC--Fort Worth and Cole Jeter. As these parties are not proper defendants in a suit under the FTCA, Harris's FTCA claim against the Department of Justice, the Bureau of Prisons, FMC--Fort Worth, and Cole Jeter must be dismissed under authority of 28 U.S.C. §§ 1915A(b)(1).

Although Harris has named Cole Jeter as an individual defendant, he has recited no facts to relate any personal actions of Jeter to the allegations made the basis of his complaint. Claims for violations of constitutional rights by federal employees may be pursued under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.[8] In order to state a *Bivens* claim, however, the claimant must allege personal involvement.[9] Federal officials cannot be held vicariously liable for the acts of subordinates under the doctrine of respondeat superior.[10] Without personal involvement or participation in an alleged constitutional

---

[7] *McGuire,* 137 F.3d at 324, *citing Atorie Air, Inc.,* 942 F.2d at 957.

[8] 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

[9] *Guerrero-Aguiar v. Ruano*, 118 Fed.Appx 832, 833 (5 th Cir.2004); *see also Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)(§ 1983 context).

[10] *Cronn v. Buffington*, 150 F.3d 538, 544 (1998), *citing Abate v. Southern Pac. Transp. Co.,* 993 F.2d 107, 110 (5th Cir. 1993).

4

violation, the individual should be dismissed as a defendant.[11] As Harris has not alleged any particular facts that Jeter was specifically involved in the alleged actions regarding the delivery of medical care to him, he has not stated a viable individual liability claim under *Bivens,* and any such claim against Cole Jeter must be dismissed under 28 U.S.C. § 1915A(b)(1).

Therefore, all claims asserted against the defendants in this suit are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1).

SIGNED March 20, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11]*Cronn*, 150 F.3d at 544, *citing Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987).

5